UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHARLES SHAW,

        Plaintiff,

v.                                    Case No. 22-cv-735-bhl

RANDALL HEPP, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Charles Shaw, who is currently serving a state prison sentence at Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that Defendants violated his civil rights. This matter comes before the Court on Shaw's motion for leave to proceed without prepayment of the full filing fee and to screen the complaint. Dkt. Nos. 1-2.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Shaw requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Shaw filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and was assessed and paid an initial partial filing fee of $37.78. The Court will grant Shaw's motion for leave to proceed without prepaying the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

At the relevant time, Shaw was an inmate at the Waupun Correctional Institution. Dkt. No. 1, ¶3. Defendants worked at Waupun: Randall Hepp was warden; Joseph Falker was security director; David Walker was a sergeant; and John Doe was a captain. *Id*., ¶¶4-7.

On October 28, 2021, Walker walked up to Shaw while he was working in the kitchen and "grabbed his right nipple breast area." *Id*., ¶¶9-12. Shaw was dumbfounded, confused, upset, and embarrassed. *Id*., ¶¶13-14. Shaw asked why Walker did what he did, and Walker just walked away laughing. *Id*., ¶13. This was not the first time Walker sexually harassed Shaw—Walker allegedly had a long history of making "sexual comments" to Shaw. *Id*., ¶11.

Following the incident, Shaw told Correctional Officer Straseske (not a defendant) what happened. *Id*., ¶¶15-16. Shaw asked if he could leave work early to return to his unit. *Id*. Straseske said no and forced Shaw to continue working that day. *Id*. Walker, who supervised the kitchen, later conducted a full pat-search of Shaw. *Id*., ¶¶10, 17. Shaw provides no details about the pat-search, but he states it was "humiliating" and "degrading" to experience. *Id*., ¶17.

Shaw reported what happened to Hepp, Falker, and Captain John Doe. *Id*., ¶¶18-19. The following day, on October 29, 2021, Walker went to Shaw's cell and tried to "bribe [him] into silence." *Id*., ¶20. Captain John Doe was working on the unit when Walker went to speak to him. *Id*., ¶24. Falker and Hepp "were aware of the situation and allowed [] Walker to further victimize [Shaw] by going all the way to his cell…to request that the plaintiff does not pursue a complaint on him" *Id*., ¶21. Shaw explains that he was molested as a child and the incident brought back all the bad memories. *Id*., ¶¶25-26. For relief, Shaw seeks monetary damages. *Id*., ¶¶28-35.

3

# THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Shaw asks to proceed on a Fourth Amendment claim against Walker; and an Eighth Amendment claim against Walker, Hepp, Falker, and Captain John Doe. Dkt. No. 1, ¶¶23-26.

## I. Fourth Amendment

The Fourth Amendment protects convicted prisoners from unreasonable searches in the limited context of bodily privacy. *Henry v. Hulett*, 969 F.3d 769, 779 (7th Cir. 2020). "[W]hile prison security requires officials to constantly monitor prisoners' cells, the same is not true of their unclothed persons." *Id*. at 778. However, the Fourth Amendment applies "in a severely limited way" and is generally limited to strip-searches or body-cavity searches, when clothing is removed. *Id*. at 779. To state a claim, Shaw must allege that the search was unreasonable considering the scope of the particular intrusion, the manner in which it was conducted, the justification for initiating it, and the place in which it was conducted. *Id*. (citing *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)).

Shaw merely alleges that Walker conducted a pat-search on him on October 28, 2021. This allegation is insufficient to assert a Fourth Amendment violation. Pat-searches generally occur on top of clothing and do not implicate the Fourth Amendment on their face. *Henry*, 969 F.3d at 779. While *Henry* does not definitely foreclose the possibility that the Fourth Amendment *could* apply to a pat-search, Shaw offers no additional details sufficient to allow the Court to infer that the pat-

4

search was improper. He doesn't describe, for example, the scope of the search, the manner in which it was conducted, or if it was conducted for a purpose unrelated to his kitchen job or prison security. Given the "severely limited way" the Fourth Amendment applies to convicted prisoners, Shaw's failure to provide details suggesting that the scope or manner of the pat-search was unreasonable, he fails to state a Fourth Amendment claim.

## II. Eighth Amendment

"Prison authorities violate the Eighth Amendment when they treat inmates in a way that is 'motivated by a desire to harass or humiliate' or 'intended to humiliate and cause psychological pain.'" *Chatman v. Ill. Dept. of Corr.*, 685 F. Appx. 487, 489 (7th Cir. 2017) (quoting *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015)). "[U]nwanted touching of a person's private parts, intended to humiliate the victim or gratify the plaintiff's sexual desires, can violate a prisoner's constitutional rights whether or not the force exerted by the assailant is significant." *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012). "Indeed, sexual offenses need not involve *any* touching—think of indecent exposure, voyeurism, and child pornography that does not depict sex acts." *Id*.

Shaw states that Walker inappropriately touched a private area of his body on October 28, 2021. He alleges that Walker has a long history of making sexual comments towards him, and it accumulated in Walker grabbing his right nipple breast area for the purpose of humiliating him or gratifying sexual desires. Based on these allegations, Shaw may proceed with on an Eighth Amendment claim against Walker in connection with the October 28, 2021 incident.

With respect to Hepp, Falker, and Captain John Doe, Shaw states that they failed to protect him from Walker because Walker "should not have been allowed to go to [Shaw's] cell on October

5

29, 2021 to harass or to bribe him in any way." Dkt. No. 1, ¶20.  Shaw claims that Hepp, Falker, and Captain John Doe allowed Walker to "torment" him the day after the incident.  *Id*., ¶¶23, 25.

To state a failure to protect claim, Shaw must allege facts from which the Court could reasonably infer that he faced a substantial risk of serious harm, and that the defendants knew of and disregarded that risk.  *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011).  A generalized risk of harm is not enough, for prisons are inherently dangerous places.  *Id*.  Instead, Shaw must allege a tangible threat to his safety or well-being.  *Id*.  A substantial risk of serious harm is one in which the risk is "so great" that it is "almost certain to materialize if nothing is done."  *Id*.

Verbal harassment, however, does not typically rise to the level of substantial risk of serious harm.  *See Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) ("Simple or complex, most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment.")  Indeed, "[r]elationships between prisoners and prison staff are not always marked by genteel language and good manners."  *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019).  The Eighth Amendment only applies in "extreme cases" where staff use an inmate's known psychological vulnerability to cause psychological anguish.  *Id*.

Shaw alleges, at most, that Hepp, Falker, and Captain John Doe failed to protect him from verbal harassment on October 29, 2021.  But Shaw provides no specific details about what Walker allegedly said at Shaw's cell that day.  The only detail Shaw provides is that Walker "request[ed] that the plaintiff does not pursue a complaint on him."  Dkt. No. 20, ¶21.  Based on this allegation, even if some conversation occurred at Shaw's cell that day, the Court cannot reasonably infer that the conversation crossed the line into extreme verbal harassment of the kind that violates the Eighth Amendment.  Although Shaw states that his past experience with child molestation made him particularly vulnerable, he does not allege that Walker knew about his history or that he used that

6

information during the conversation to cause psychological anguish. In other words, Shaw's assertion of verbal harassment is nothing more than a conclusory allegation devoid of any basis in fact. Shaw therefore fails to state a claim against Hepp, Falke, and Captain John Doe. *See e.g. Thompson v. City of Indianapolis*, No. 115CV01712TWPDML, 2017 WL 4365967, at *13 (S.D. Ind. Sept. 29, 2017) (citing *Yang v. Hardin*, 37 F.3d 282, 287 (7th Cir. 1994) (noting that there is no claim for failure to protect or failure to intervene when there is no underlying constitutional violation).

Shaw also fails to allege that Hepp, Falker, and Captain John Doe were involved in directing Walker to go to his cell that day or that they somehow knew Walker would do so before it happened. The lack of any allegation of their personal involvement precludes any claims against them under §1983. Accordingly, his claims against Hepp, Falker, and Captain John Doe will not survive screening and those would-be defendants will be removed from the case.

### Conclusion

The Court finds that Shaw may proceed on an Eighth Amendment claim that Walker inappropriately touched a private area of his body on October 28, 2021.

**IT IS THEREFORE ORDERED** that Shaw's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the claims against Randall Hepp, Joseph Falker, and Captain John Doe are **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of the complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Walker.

7

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Walker shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Shaw shall collect from his institution trust account the **$312.22** balance of the filing fee by collecting monthly payments from Shaw's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Shaw is transferred to another institution, the transferring institution shall forward a copy of this Order along with Shaw's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Shaw is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Shaw may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on August 12, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge